ORDERED.

Dated: September 14, 2016

_____
Jerry A. Funk
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                Case No. 3:16-bk-2593-JAF

                                                                                 Chapter 13

IONA DOUGLAS MOGUEL,

    Debtor.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

       This case came before the Court upon Motion to Dismiss Case filed by Wells Fargo Bank, N.A. (the "Motion to Dismiss") (Doc. 22), Ark Capital Group, LLC's Joinder in Motion to Dismiss Case (Doc. 38), and Motion to Dismiss Chapter 13 Case and Joinder in Pending Motions to Dismiss filed by GMAT Legal Title Trust (Doc. 42). The Court conducted an evidentiary hearing on the Motion to Dismiss on August 17, 2016. At the conclusion of the hearing, the Court took the Motion to Dismiss under advisement. The Court makes the following Findings of Fact and Conclusions of Law.

## Findings of Fact[1]

Debtor's lengthy and prolific bankruptcy history began on December 26, 2006 when she and her husband, Robert Moguel, filed a Chapter 11 bankruptcy petition, commencing Case No. 3:06-bk-4119-JAF (the "First Case"). Since that time, Debtor, acting alone or in concert with Robert Moguel, has filed eight additional bankruptcy petitions in this Court and another one in the Middle District of Tennessee. All told, Debtor has been a debtor in bankruptcy court with limited interruption from December 26, 2006 to the present date. All of the cases filed by Debtor and/or Robert Moguel were Chapter 13 or Chapter 11 cases and none have been confirmed.

The First Case was dismissed upon the request of the Debtors on February 19, 2008. On May 14, 2008, Debtor and Robert Moguel, filed a Chapter 13 bankruptcy petition, commencing Case No. 3:08-bk-2722-JAF (the "Second Case"). The Second Case was dismissed upon the request of the debtors on June 20, 2008. On August 6, 2008, Debtor filed a Chapter 13 petition, commencing Case No. 3:08-bk-4662-JAF (the "Third Case"). The Third Case was dismissed on February 25, 2009 for Debtor's failure to make plan payments. On March 27, 2009, Debtor filed a Chapter 13 bankruptcy petition, commencing Case No. 3:09-bk-2341-JAF (the "Fourth Case"). The Fourth Case was dismissed on April 8, 2010 for Debtor's failure to make plan payments. On May 10, 2010, Debtor filed a Chapter 11 bankruptcy petition, commencing Case No. 3:10-bk-

---

[1] A court has "wide discretion to take judicial notice of facts," but such discretion must be exercised with caution. Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC, 369 F.3d 1197, 1204-05 (11th Cir. 2004). It is well established that a court may take judicial notice of its own records as well as the relevant records of other courts both within and outside of the federal system. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). A court may take judicial "notice of another court's order …. for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation and related filings." United States v. Jones, 29 F.3d 1549, 1553-54 (11th Cir. 1994). The Court takes judicial notice of the following facts which are either from its own files and records or those of the Bankruptcy Court for the Middle District of Tennessee.

3981-JAF (the "Fifth Case"). The Fifth Case was dismissed on October 31, 2011 after the Court made a finding that Debtor's Fourth Amended Plan of Reorganization was not confirmable. On May 3, 2012, Debtor filed a Chapter 13 bankruptcy petition, commencing Case No. 3:12-bk-3037-JAF (the "Sixth Case"). The Sixth Case was dismissed on September 24, 2012 upon Debtor's request.

On February 1, 2013, Debtor filed a Chapter 13 bankruptcy petition, commencing Case No. 3:13-bk-600-JAF (the "Seventh Case"). On December 3, 2014, in the Seventh Case, the Court entered Order Dismissing Chapter 13 Case with Prejudice to Future Filings (the "Dismissal Order in the Seventh Case"). The Dismissal Order in the Seventh Case prohibited Debtor from filing any future bankruptcy cases during the year following its entry without first obtaining permission from the Court.

On May 29, 2015, Robert Moguel filed a Chapter 13 bankruptcy petition, commencing Case No. 15-bk-2463-JAF (the "Eighth Case"). On January 25, 2016, Debtor filed a Chapter 13 bankruptcy petition to commence Case Number 16-415-KL3 in the Middle District of Tennessee (the "Ninth Case").

On March 4, 2016, in the Eighth Case, this Court entered Order Granting Relief from Co-Debtor stay on a Prospective Basis as to GMAT Legal Title Trust (the "GMAT Co-Debtor Stay Order"). The GMAT Co-Debtor Stay Order lifted the co-debtor stay as to Debtor as to property located in Gallatin, Tennessee (the "Tennessee Property") and provided as follows: "The filing of the instant bankruptcy petition was part of a scheme involving efforts by [Robert Moguel] to hinder, delay, or defraud [GMAT Legal Title Trust] involving multiple filings affecting the [Tennessee Property] … No bankruptcy petition filed by anyone in any United States Bankruptcy Court may impose the

3

automatic stay with respect to … the [Tennessee Property] for two years from the entry of this order." On March 11, 2016, the Court entered an order dismissing the Eighth Case.

Despite the entry of the GMAT Co-Debtor Stay Order in the Eighth Case, which provided that no bankruptcy petition filed by anyone in any United States Bankruptcy Court would impose the automatic stay with respect to the Tennessee Property for two years from the entry of the Order, in the Ninth Case Debtor not only included the Tennessee Property in her Chapter 13 plan but also attempted to value it. On May 25, 2016, the bankruptcy court in the Ninth Case entered an Order Denying Confirmation and Dismissing Case (the "Ninth Dismissal Order"). The Tennessee bankruptcy court denied confirmation, finding that the plan was not feasible and was not filed or proposed in good faith.

On July 8, 2016, Debtor filed a Chapter 13 petition, commencing the instant case (the "Instant Case"). Despite the entry of the GMAT Co-Debtor Stay Order in the Eighth Case, Debtor included the Tennessee Property in her Chapter 13 Plan and seeks to modify the mortgage on the Tennessee Property in the Instant Case. Debtor testified that she owns six real properties and wants to retain all of them. A review of the Court's docket indicates that Debtor seeks to utilize the Court's mortgage modification mediation program as to at least five of the real properties. The Court finds that Debtor filed this case for the sole purpose of modifying the secured claims as to the six real properties through the Court's mortgage modification mediation program. GMAT, Wells Fargo, and Ark Capital Group, LLC seek dismissal of the Instant Case pursuant to 11 U.S.C. §§ 1307(c) and 1325(a)(7).

4

**Conclusions of Law**

Section 1307(c) of the Bankruptcy Code provides that a bankruptcy court may dismiss a case for "cause" and provides a non-exhaustive list of causes, including "unreasonable delay by the debtor that is prejudicial to creditors[.]" As the Court noted, with limited interruption, Debtor and/or Robert Moguel have been debtors in bankruptcy for almost ten years; the longest period during which Debtor and/or Robert Moguel have not had a bankruptcy case pending is five months. As a result, Debtor's secured creditors have been prohibited from exercising their non-bankruptcy rights. While the Bankruptcy Code does not define cause or unreasonable prejudicial delay to creditors, this case is the quintessential example of both.

Additionally, § 1325(a)(7) provides that in order to confirm a Chapter 13, the Court must find that Debtor filed the petition in good faith. The Court's mortgage modification mediation program imposes a legal obligation upon all parties to mediate in good faith, an obligation not always imposed in a non-bankruptcy forum. For that reason, the Court would not ordinarily find that the filing of a Chapter 13 case for the sole purpose of utilizing the mortgage modification mediation process is in bad faith. However, given Debtor's bankruptcy history, she has had more than ample opportunity to obtain mortgage modifications or come to some other agreement with her secured creditors. Simply stated, the Instant Case is not an ordinary case. The Court finds that the filing of the Instant Case for the sole purpose of utilizing the mortgage modification mediation process was in bad faith. Moreover, the fact that Debtor included the Tennessee Property in her Chapter 13 Plan and seeks to modify the mortgage on the Tennessee Property in the Instant Case despite the entry of the GMAT Co-Debtor Stay

Order in the Eighth Case constitutes bad faith. For the foregoing reasons, the Court finds it appropriate to dismiss the case with prejudice. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

The Clerk's Office will serve a copy of these Findings of Fact and Conclusions of Law upon interested parties.